IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA K. PAYNE, | ) | Cause No. C-1-01-111 |
| Plaintiff, | ) | |
| | ) | Judge Herman J. Weber |
| vs. | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| GLAXOSMITHKLINE, | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR NEW TRIAL** |
| Defendant. | ) | |

**I.     Introduction**

Plaintiff Cynthia Payne ("Plaintiff") has wholly failed to provide any legal or factual grounds which could support a new trial in this case. Plaintiff's Motion for New Trial (Docket #113) is apparently based on alleged misconduct by Defendant and its counsel during discovery.[1] [2] Plaintiff's allegations of misconduct are unjustified and without merit. Even if the allegations had any merit, which they do not, Plaintiff waived her right to complain about discovery issues in a new trial motion. Moreover, despite her complaints, Plaintiff has failed to explain how the alleged misconduct affected her substantial rights, prevented a full and fair presentation of her case, or otherwise affected the trial of this case. Unless any alleged error in the proceedings affected a substantial right of Plaintiff, it is harmless and cannot be the basis for ordering a new

---

[1] References herein to Plaintiff's Memorandum shall be to Plaintiff's Memorandum in Support of Motion for Expenses, Including Attorney Fees, Under Rules 26(a)(1), 37(c)(1) and 60(b)(3) Federal Rules of Civil Procedure (Docket #110), which Plaintiff incorporated by reference into the Memorandum in Support that Plaintiff filed in support of her Motion for New Trial (Docket #113).

[2] Although Plaintiff failed to provide any grounds for a new trial in her Motion for New Trial, and failed to discuss Rule 59 in her Memorandum, Defendant is left to assume for purposes of this Opposition that Plaintiff intended to rely on the discovery matters raised in her Memorandum as her basis for her Motion for New Trial. Plaintiff provided no other basis for a new trial.

trial. There was testimony and evidence adduced during the trial that amply supported the jury's finding in favor of Defendant. No substantial miscarriage of justice occurred to warrant a new trial.

The baseless nature of Plaintiff's Memorandum is demonstrated in its first sentence. Plaintiff complains she did not receive training documents in a particular form. Plaintiff neglects to mention that she received all the training documents almost two years before trial. (See letter dated 12/18/03, attached as Exhibit A). Plaintiff neglects to mention that she never asked that those documents be re-produced in a different form nor how the format of the documents relates at all to the claims tried in this case.

**II.    Argument**

Plaintiff's sole basis for her new trial motion appears to be her dissatisfaction with Defendant's responses and conduct during the discovery phase of this case. Plaintiff's allegations of misconduct are incorrect. Further, Plaintiff offers no explanation as to how the alleged discovery misconduct affected in any way the trial of her gender discrimination claims.

A.    Plaintiff Waived Her Right To Rely On The Matters Raised In Her Memorandum

Even if Plaintiff could demonstrate discovery misconduct, and even if Plaintiff could articulate some relationship between that misconduct and the trial of her case, Plaintiff cannot rely upon that discovery misconduct to support her motion for a new trial. "A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." United States v. Walton, 909 F.2d 915, 924 (6th Cir. 1990) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2805). See also Merkel v. Scovill, Inc., 573 F. Supp.

1055, 1064 (S.D. Ohio 1983), *affirmed in part and reversed in part on other issues,* 787 F.2d 174 (6th Cir. 1986); *cert. denied*, 479 U.S. 990 (1986).

Prior to trial, Plaintiff was or should have been aware of all the discovery issues raised in her Motion for New Trial. Except for a Joint Exhibit, all the discovery issues raised by Plaintiff were, by her own description, issues about which she had knowledge well prior to trial. (Plaintiff's Memorandum (Docket #110), pp. 1-13). As regards the Joint Exhibit, Plaintiff complains only about a cover page to a document she admits she had received in discovery. Further, Plaintiff admits she had the Joint Exhibit before trial, but assumed it was something else and that she did not notice the cover page before trial "[a]lthough we were looking right at the page." (Id., pp. 13-14). Plaintiff admits she had the cover page during her employment but had thrown it away. (Id., n. 4). Plaintiff also fails to explain why she has not waived the right to protest an exhibit to which, by definition, she has stipulated for use at her trial. Moreover, Plaintiff also fails to explain how the cover page would have affected her ability to present evidence regarding the signed release issue or gender discrimination.[3]

Indeed, not only did Plaintiff have knowledge of these discovery issues prior to trial, Plaintiff raised many of the same issues about which she now complains more than a year before trial in Plaintiff's June 26, 2002 Reply Memorandum in Support of Motion to File Third Amended Complaint (Docket #34). In that Reply Memorandum, Plaintiff references an even earlier letter sent by her counsel on December 10, 2001 regarding discovery.

---

[3] While Plaintiff has had numerous claims, some dismissed voluntarily, some dismissed by the Court, and some decided by the jury, Plaintiff has never had a claim that related to the format of the training documents provided to Plaintiff. Plaintiff admitted that she tore the original materials apart and organized them to fit her needs. Defendant produced all of the documents originally provided to Plaintiff. Plaintiff never requested that the documents be re-produced in their original format. Plaintiff knew or should have known she had torn out certain pages and placed them in her binder according to her own organizational preferences.

Nonetheless, Plaintiff failed to file a motion to compel. Plaintiff failed to seek a continuance of trial in order to pursue further discovery. Plaintiff failed to object during the trial on discovery misconduct grounds with respect to the "original" documents not being produced at an earlier time period. In short, by wholly failing to attempt to resolve discovery matters prior to judgment, Plaintiff waived her right to now rely upon the discovery matters in her Motion for New Trial.

Plaintiff can find no refuge in the "gross injustice" exception to the waiver rule. None of the allegations raised by Plaintiff suggest any possibility of "fundamental" error causing "gross injustice". Indeed, Plaintiff acknowledges in her Memorandum that she had received all the substantive information she desired before trial. Moreover, Plaintiff wholly fails to explain how any of the matters raised by her relate at all to the issues submitted by this Court to the jury: the validity of the signed release and her claims of gender discrimination. See *infra*. Accordingly, Plaintiff has waived the right to seek a new trial based on discovery issues.

B.    Plaintiff Fails To Satisfy The Standard For New Trial

Even if Plaintiff had not waived the discovery issues upon which she bases her new trial motion, Plaintiff has failed to demonstrate grounds for a new trial. "No error . . . or anything done or omitted by the court or by any of the parties is ground for granting a new trial . . . unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Federal Rule of Civil Procedure 61. "To constitute proper grounds for granting a new trial, an error, defect or other act must affect the substantial rights of the parties. 'The trial court should deny such a motion if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a

different conclusion were he the trier of fact.'" Walker v. Bain, 257 F.3d 660, 670 (6th Cir. 2001) (quoting Wayne v. Village of Sebring, 36 F.3d 517, 525 (6th Cir. 1994)). See also Smith v. Travelers Ins. Co., 438 F.2d 373, 375-376 (6th Cir. 1971) (finding that because remarks of counsel were not so prejudicial as to effect the result of the trial, no new trial was required).

Although Plaintiff provides a litany of complaints about Defendant's discovery responses and conduct, Plaintiff does not establish any connection between the discovery matters and the actual trial of the issues in this case. Plaintiff offers no explanation as to how the alleged discovery issues affected her substantial rights, affected her ability to present her claim that the release was invalid, affected her ability to present her case for gender discrimination, affected the trial of the case, or otherwise, in any way, affected the reasonableness of the jury's verdict.

Plaintiff received complete justice in her lawsuit. The evidence demonstrated, and the jury concluded, that the release signed by Plaintiff was valid. Nothing contained in Plaintiff's Memorandum addresses any discovery issues regarding the signed release. The evidence also demonstrated, and the jury concluded, that Plaintiff's termination was not gender discrimination. Nothing contained in Plaintiff's Memorandum addresses how any discovery issue raised therein relates to her ability to prove her gender discrimination claims.

In fact, none of the allegations raised by Plaintiff relate at all to the claims tried in this case. All the discovery matters complained about by Plaintiff relate to the issue of who received what Avandia study materials and when. This entire study materials issue, however, has always been, and continues to be, a red herring. The evidence, presented at summary judgment and at trial, is that Plaintiff knew that both men and women received the additional Avandia Workbook Study Guide. (See Defendant's Reply to Plaintiff's Opposition to Defendant's Supplemental Motion for Summary Judgment (Docket #57), p. 3). Indeed, at least as early as May 23, 2002,

Plaintiff learned during the deposition of Beth Tench that everyone studying for the Avandia test received a new Avandia workbook.  (See Deposition of Beth Tench, incorporated herein and attached hereto as Exhibit B, pp. 57-58).  Thus, not only did Plaintiff have the information she complains about long before trial, Plaintiff learned long before trial that gender played no role in her having received a new Avandia workbook.  Accordingly, the entire matter of the study materials offers no support to Plaintiff's gender discrimination claims.[4]

     Plaintiff's arguments in her Memorandum suggest Plaintiff may still be attempting to support her claims of fraudulent inducement and breach of contract, which this Court dismissed months before trial.  Indeed, in her Memorandum, Plaintiff specifically mentions her fraudulent inducement and breach of contract claims in her introductory section.  (See pp. 1-2).  In her Third Amended Complaint, Plaintiff's allegations about the inadequacy of Defendant's provision of study materials were directed to her fraudulent inducement and breach of contract claims.  (Third Amended Complaint (Docket #51), ¶¶ 14, 53, 55).  Plaintiff's fraudulent inducement and breach of contract claims, however, were dismissed by this Court, for reasons unrelated to the substance of the discovery about which Plaintiff now complains, in its January 27, 2003 Order (Docket #60).  Discovery issues related to claims which did not even survive to trial cannot support a new trial motion.

---

[4] Similarly, Plaintiff fails to offer any explanation as to how any of the specific discovery matters she alludes to could have affected her case: who was notified that a new set of materials would be sent (Plaintiff's Memorandum (Docket #110), pp. 6-7); the exact name of every item of materials given to Plaintiff (Id. at 8-9); a copy of a version of the Training Manual that predated Plaintiff's employment (Id. at pp. 10-12); the cover page of the Training Supplement containing no substantive material, but only the title of the document. (Id. at pp. 13-15).

C.     Plaintiff's Complaints About Defendant's Discovery Responses Are False

None of Plaintiff's complaints about Defendant's discovery conduct support her Motion for New Trial. Even if true, Plaintiff has waived all discovery complaints, failed to provide any explanation as to how she has been deprived of substantial rights, and any alleged conduct by Defendant constituted harmless error. Nonetheless, Defendant feels compelled to deny even Plaintiff's immaterial claims of misconduct.

Rule 26 requires Defendant to describe, by "category", documents it will use in its own defense. In its disclosures, Defendant identified "relevant test study materials" as a category of documents. Rule 26 does not require Defendant to help Plaintiff understand her own case. (See Plaintiff's Memorandum (Docket #110), pp. 2-3, 9). The fact that Sheldon Thomas, not testifying as a 30(b)(6) witness, did not know particular information does not violate any known discovery rule. (See Id., pp. 4-5). Plaintiff asked "who was notified on July 27 that a new set of materials for Avandia would have to be sent." Defendant objected that the interrogatory was vague, and then volunteered that no one was so notified. Plaintiff herself had stated she was notified on July 28, 2000. Further, only the Avandia workbook, not all Avandia materials, was replaced. (See Id., pp. 6-7).

Plaintiff asked for the identity of all the study documents she received from Defendant. Defendant identified a two page-long list of documents, including referring to a training manual binder which, in fact, contained all the Avandia-related materials. On December 18, 2001, Defendant sent copies of the Avandia training manual, workbook, and training supplement to Plaintiff by Federal Express, and could have done so earlier if Plaintiff had agreed to pay for the

copies and to enter into a protective order. (See Id., pp. 8-9).[5] When Plaintiff requested a version of the Avandia training manual that pre-dated her employment, Defendant objected that it was not reasonably calculated to lead to the discovery of admissible evidence, and explained that Plaintiff had been provided a copy of the only applicable training manual at her deposition. Plaintiff has never explained how a prior version of the training manual could relate to her gender claim. (See Id., pp. 10-11). As Plaintiff admitted at trial, she had received in discovery the entire Avandia Training Supplement, other than the cover page, in the Federal Express package containing the binder of all Avandia training materials sent by Defendant on December 18, 2001. (Ex. A). Plaintiff also had received the untaken self-assessment test in the same binder package, whether or not Plaintiff's counsel "realized its import". Plaintiff received the cover page before trial and stipulated to it in a Joint Exhibit. (See Plaintiff's Memorandum (Docket #110), pp. 13-15). Thus, Plaintiff's entire argument about discovery abuses by Defendant is unfounded and without any merit. Defendant produced all the documents before trial, and Plaintiff's failure to read and understand them, or understand her own claim, does not justify a new trial.

    D.    Plaintiff's Motion For New Trial Is Frivolous

Having failed to present a shred of evidence to support her claims, Plaintiff has again forced Defendant to expend time and resources responding to Plaintiff's empty arguments in a meritless lawsuit. Plaintiff's Motion for New Trial contains the same disjointed, irrelevant, and immaterial assertions which have plagued her case from its inception. Just as she filed a lawsuit based on claims she had already released, Plaintiff now makes arguments she has already

---

[5] Defendant produced the materials again at Plaintiff's January 22, 2002 deposition, at which time they were marked as exhibits.

waived.  Just as she spent her lawsuit and trial grasping at irrelevancies, Plaintiff has now attempted to undo the trial of this case by making random allegations without any coherent explanation as to their relevance to the specific issues that were tried to the jury.

Plaintiff had no case, and Plaintiff has no grounds for filing a Motion for New Trial or her Memorandum.  By submitting such pleadings, Plaintiff's counsel has crossed well past the permissible limits of zealous advocacy and intruded headlong into frivolity, wastefulness, and bad faith.  Such improper use of the federal courts, and such abuse of Defendant, should not go unchecked.  Plaintiff's pleadings deserve sanction, through imposition of attorneys' fees or otherwise, by this Court.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial should be denied.

Respectfully submitted,

TAFT, STETTINIUS & HOLLISTER

By:     /s/ Mark J. Stepaniak
Mark J. Stepaniak (0007758)
e-mail: Stepaniak@taftlaw.com
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838 Office
(513) 381-0205 Facsimile

and

HUSCH & EPPENBERGER, LLC
Joseph H. Guffey
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500  Office
(314) 480-1505  Facsimile

*Attorneys for Defendant GlaxoSmithKline*

## CERTIFICATE OF SERVICE

       Pursuant to the electronic notice provisions of the Court's CM/ECF system, notice of the filing of Defendant's Memorandum in Opposition to Plaintiff's Motion for New Trial was given to F. Bruce Abel, Esq., Attorney for Plaintiff, 885 Greenville Avenue, Cincinnati, OH 45246 this 9th  day of September, 2003.

                                                    _____/s/ Mark J. Stepaniak_____