IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA K. PAYNE,<br><br>            Plaintiff,<br><br>vs.<br><br>GLAXOSMITHKLINE,<br><br>           Defendant. | Cause No. C-1-01-111<br><br>Judge Herman J. Weber<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPENSES, INCLUDING ATTORNEY FEES** |

## I.  Introduction

Plaintiff Cynthia Payne ("Plaintiff") has wholly failed to provide any legal or factual basis to support her Motion for Expenses (Docket # 110).[1]  Plaintiff's allegations of discovery misconduct are unjustified and without merit.  Defendant GlaxoSmithKline ("Defendant") fulfilled all of its discovery obligations in this case, and denies all allegations of misconduct.  The baseless nature of Plaintiff's Memorandum is demonstrated by its first sentence.  Plaintiff complains she did not receive training documents in a particular form.  Plaintiff neglects to mention that she received all the training documents almost two years before trial.  (See letter dated 12/18/01, attached as Exhibit A).  Plaintiff neglects to mention that she never asked that those documents be re-produced in a different form.  Plaintiff fails to explain how the format of the documents relates at all to the claims tried in this case.

Even if Plaintiff's misconduct allegations had any merit, which they do not, Plaintiff waived her right to complain about discovery misconduct by her delay in raising such

---

[1] References to Plaintiff's Motion and Memorandum shall be, respectively, to Plaintiff's Motion for Expenses, Including Attorney Fees, Under Rules 26(A)(1), 37(c)(1) and 60(b)(3) Federal Rules of Civil Procedure and Plaintiff's Memorandum in Support of Motion for Expenses, Including Attorney Fees, Under Rules 26(A)(1), 37(c)(1) and 60(b)(3) Federal Rules of Civil Procedure.

complaints, by her failure to object before or at trial, and by her stipulating to the use at trial of the documents about which she now complains. Moreover, Plaintiff has not demonstrated how the alleged misconduct prejudiced her during the litigation of this case. Discovery sanctions are inappropriate when there has been no prejudice caused to the moving party.

**II.     Argument**

        A.     Plaintiff's Motion Is Procedurally Defective

                1.     Plaintiff Waived Her Discovery Complaints Through Her Delay, Her Failure to Object, and Her Stipulation

Plaintiff's allegations of discovery misconduct lack merit. Even if they had merit, Plaintiff cannot demonstrate how the alleged misconduct prejudiced her ability to litigate her claims. Even if Plaintiff could demonstrate that there was discovery misconduct, and that it prejudiced her case, Plaintiff has waived the right to rely upon the alleged misconduct.

By the terms of Plaintiff's Motion and Memorandum, Plaintiff seeks discovery sanctions under Federal Rule of Civil Procedure 37(c)(1), based on Defendant's alleged violation of its Rule 26(a)(1) disclosure obligations.[2] Plaintiff implicitly acknowledges in her Memorandum that she has waived any discovery complaints on any other grounds by her failure to file a motion to compel. (See Plaintiff's Memorandum (Docket #110), pp. 13, 16).

Nonetheless, in addition to references to Rule 26(a), Plaintiff's Memorandum contains a rambling litany of complaints about interrogatory responses, responses to document requests, and depositions. Although meritless, all such discovery complaints could, and should, have been raised prior to trial. Plaintiff was or should have been aware of all the discovery issues raised in her Motion for Expenses. (Plaintiff's Memorandum (Docket #110), pp. 1-13). Indeed, not only

---

[2] Although the title of Plaintiff's Motion references Rule 60(a)(3), that Rule only provides grounds for relief from judgments.

did Plaintiff have knowledge of these discovery issues prior to trial, Plaintiff raised many of the same issues about which she now complains more than a year before trial in Plaintiff's June 26, 2002 Reply Memorandum in Support of Motion to File Third Amended Complaint (Docket #34). In that Reply Memorandum, Plaintiff references an even earlier letter sent by her counsel on December 10, 2001 regarding discovery.

Despite her awareness of the alleged discovery issues, Plaintiff failed to file a motion to compel, which was available to her to enforce Rule 26(a) obligations.  See F.R.C.P. 37(a)(2)(A). Plaintiff also failed to seek a continuance of trial in order to pursue further discovery.  Plaintiff similarly failed to object during the trial on discovery misconduct grounds with respect to the "original" documents not being produced at an earlier time period.  In short, by wholly failing to attempt to resolve discovery matters prior to judgment, Plaintiff waived her right to now rely upon the discovery matters in her Motion for Expenses.

The only matter about which Plaintiff suggests she did not have prior knowledge was a cover title page to an Avandia training supplement.  (Plaintiff's Memorandum (Docket #110), pp. 13-15).  As Plaintiff admitted at trial, however, the supplement itself was provided to Plaintiff on December 18, 2001 by Federal Express as part of a binder containing all Avandia training materials.  (See Ex. A).  Further, the cover page was part of a Joint Exhibit to which Plaintiff stipulated for use at trial.  Plaintiff also admits she had the Joint Exhibit before trial, but assumed it was something else and that she did not notice the cover page before trial "[a]lthough we were looking right at the page." (Plaintiff's Memorandum (Docket #110), pp. 13-14). Moreover, Plaintiff admits she had the cover page during her employment but had thrown it away.  (Id., n. 4).  Plaintiff also cannot explain why she has not waived the right to protest an exhibit to which, by definition, she has stipulated for use at trial.  Plaintiff also fails to explain

how the cover page could have affected her ability to present evidence regarding the release or gender discrimination issues tried in this case.[3]

2. <u>Plaintiff Failed to Comply With Local Rule 37.2</u>

In addition to having previously waived the matters about which she now complains, Plaintiff's Motion suffers from an additional defect. In this Court, discovery motions must be accompanied "by an affidavit of counsel setting forth the extrajudicial means which have been attempted to resolve differences." L.R. 37.2. No such affidavit has been filed.

B. <u>Defendant Did Not Violate Rule 26 Or Any Other Discovery Obligations</u>

1. <u>Defendant Identified and Produced All Documents Used In Its Defense</u>

Even if Plaintiff had not waived the discovery issues, she still has no legitimate claim to discovery sanctions. Defendant did not violate Rule 26(a) or any other discovery obligation.

Rule 26(a)(1) requires a defendant to describe, by "category", documents it "may use" in its own defense. In its disclosures, Defendant identified all the documents it used in its own defense. Specifically, among other things, Defendant identified "relevant test study materials" as a category of documents. (Docket #110, Ex. A). Moreover, Defendant did produce to Plaintiff all the relevant test study materials. On December 18, 2001, Defendant sent copies of the Avandia training manual, workbook, and training supplement to Plaintiff by Federal Express. (<u>See</u> Ex. A). Defendant produced the materials again at Plaintiff's January 22, 2002 deposition, at which time they were marked as exhibits. Despite the fact Plaintiff now claims she wanted the

---

[3] While Plaintiff has had numerous claims, some dismissed voluntarily, some dismissed by the Court, and some decided against her by the jury, Plaintiff has never had a claim that related to the format of the training documents provided to Plaintiff. Plaintiff admitted that she tore the original materials apart and organized them to fit her needs. Defendant produced all of the documents originally provided to Plaintiff. Plaintiff never requested that the documents be re-produced in their original format. Plaintiff knew or should have known she had torn out certain pages and placed them in her binder according to her own organizational preferences.

training materials in the form they were originally given to her, she never requested such a re-production and took no action to compel such a re-production.

Similarly, Defendant fulfilled all of its other discovery obligations.  The fact that Sheldon Thomas, not testifying as a 30(b)(6) witness, did not know particular information does not violate any known discovery rule.  (See Plaintiff's Memorandum (Docket #110), pp. 4-5).  Plaintiff asked "who was notified on July 27 that a new set of materials for Avandia would have to be sent."  Defendant objected that the interrogatory was vague, and then volunteered that no one was so notified.  Plaintiff herself had stated she was notified on July 28, 2000.  Further, only the Avandia workbook, not all Avandia materials, was replaced.  (See Id., pp. 6-7).

Plaintiff asked for the identity of all the study documents she received from Defendant.  Defendant identified a two page-long list of documents, including referring to a training manual binder which, in fact, contained all the Avandia-related materials.  On December 18, 2001, Defendant sent copies of the Avandia training manual, workbook, and training supplement to Plaintiff by Federal Express, and could have done so earlier if Plaintiff had agreed to pay for the copies and to enter into a protective order.  (See Id., pp. 8-9).[4]  When Plaintiff requested a version of the Avandia training manual that pre-dated her employment, Defendant objected that it was not reasonably calculated to lead to the discovery of admissible evidence, and explained that Plaintiff had been provided a copy of the only applicable training manual at her deposition.  Plaintiff has never explained how a prior version of the training manual could relate to her claims.  (See Id., pp. 10-11).  As Plaintiff admitted at trial, she had received in discovery the entire Avandia Training Supplement, other than the cover page, in the Federal Express package

---

[4] Defendant produced the materials again at Plaintiff's January 22, 2002 deposition, at which time they were marked as exhibits.

containing the binder of all Avandia training materials sent by Defendant on December 18, 2001. (Ex. A). Plaintiff also had received the untaken self-assessment test in the same binder package, whether or not Plaintiff's counsel "realized its import". Plaintiff received the cover page before trial and stipulated to it in a Joint Exhibit. (See Plaintiff's Memorandum (Docket #110), pp. 13-15). Thus, Plaintiff's entire argument about discovery abuses by Defendant is unfounded and without any merit.

2. Even If True, Plaintiff's Allegations Do Not Support Rule 37(c) Sanctions

Even if Plaintiff's allegations of a Rule 26(a) violation had merit, which they do not, the violations alleged would be harmless in this case. Accordingly, even if the allegations had merit, Plaintiff would not be entitled to Rule 37(c) sanctions. No sanction may be imposed for harmless violations of Rule 26(a). F.R.C.P. 37(c)(1).

In this case, Plaintiff has wholly failed to explain how any of the matters about which she complains caused harm to her in this case. The claims dismissed by this Court in its January 27, 2003 Order (Docket # 60) were dismissed for reasons unrelated to the discovery issues complained about by Plaintiff. Similarly, Plaintiff does not establish any connection between the discovery matters alleged and the issues actually tried in the case. Nothing contained in Plaintiff's Memorandum addresses any discovery issues regarding the signed release. The evidence demonstrated, and the jury concluded, that the release signed by Plaintiff was valid. The evidence also demonstrated, and the jury concluded, that Plaintiff's termination was not the result of gender discrimination. Nothing contained in Plaintiff's Memorandum addresses how any discovery issue raised therein relates to her ability to prove her gender discrimination claims. Plaintiff offers no indication whatsoever as to how having the training materials in a particular format, or having the training supplement title cover page earlier, could possibly have helped her prove her case.

In fact, none of the allegations raised by Plaintiff relate at all to the claims tried in this case. All the discovery matters complained about by Plaintiff relate to the issue of who received what Avandia study materials and when. For example, Plaintiff attempts to link the cover page issue to the issue about who received a new Avandia Workbook. (Plaintiff's Memorandum (Docket #110), pp 14-15). This entire study materials issue, however, has always been, and continues to be, a red herring. Plaintiff has tried to make something of the fact that Plaintiff received an additional Avandia Workbook Study Guide. The evidence, presented at summary judgment and at trial, is that Plaintiff knew that both men and women received the additional Avandia Workbook Study Guide. (See Defendant's Reply to Plaintiff's Opposition to Defendant's Supplemental Motion for Summary Judgment (Docket #57), p. 3). Indeed, at least as early as May 23, 2002, Plaintiff learned during the deposition of Beth Tench that everyone studying for the Avandia test received a new Avandia workbook. (See Deposition of Beth Tench, incorporated herein and attached hereto as Exhibit B, pp. 57-58). Thus, not only did Plaintiff have the information she complains about long before trial, Plaintiff learned long before trial that gender played no role in her having received a new Avandia workbook. Accordingly, the entire matter of the study materials offers no support to Plaintiff's gender discrimination claims. [5] [6]

---

[5] Plaintiff's apparent attempt to link the cover page and the self-assessment test also makes no sense. Not only was the self-assessment part of the binder of training materials produced to Plaintiff, Plaintiff was certainly already aware that she did not take the self-assessment. (Plaintiff's Memorandum (Docket #110), pp. 14-15).

[6] Similarly, Plaintiff fails to offer any explanation as to how any of the specific discovery matters she alludes to could have affected her case: who was notified that a new set of materials would be sent (Plaintiff's Memorandum (Docket #110), pp. 6-7); the exact name of every item of materials given to Plaintiff (Id. at 8-9); a copy of a version of the Training Manual that predated Plaintiff's employment (Id. at pp. 10-12); the cover page of the Training Supplement containing no substantive material, but only the title of the document. (Id. at pp. 13-15).

Plaintiff appears to believe that the nature of the Avandia training materials provided by Defendant relates to her breach of contract and fraud claims. (Plaintiff's Memorandum (Docket #110), pp. 1-2). However, those claims were dismissed by this Court on January 27, 2003 for reasons unrelated to the substance of the discovery about which Plaintiff now complains. The Court rightly concluded Plaintiff had no employment contract, and that there was no evidence that Defendant knowingly made a false statement.

Moreover, even if the substance of the Avandia training materials related at all to the issues in this case, which they do not, Plaintiff had all the Avandia training materials well before trial. Defendant produced to Plaintiff all the training materials in December, 2001 and January, 2002, almost two years prior to trial. In fact, since these were all materials originally provided to Plaintiff during her employment, Plaintiff actually had seen these materials even before this case began. Plaintiff admits she had the cover page during her employment but had thrown it away, and knew that she had torn out certain pages of the training materials and placed them in her own binder according to her organizational preferences. (Plaintiff's Memorandum (Docket #110), n. 4). Further, Plaintiff also stipulated to the use of all the training materials as a trial exhibit.

Accordingly, there is no merit to Plaintiff's Motion. Plaintiff's claims of discovery misconduct are empty. Further, any possible discovery misconduct was harmless, and was in any event waived by Plaintiff.

    C.    <u>Plaintiff's Motion for Expenses Is Frivolous</u>

Having failed to present a shred of evidence to support her claims, Plaintiff has again forced Defendant to expend time and resources responding to her empty arguments in a meritless lawsuit. Plaintiff's Motion for Expenses contains the same disjointed, irrelevant, and immaterial assertions which have plagued her case from its inception. Plaintiff continues to grasp at

irrelevancies and to make random allegations without any coherent explanation as to their connection to the issues before this Court.

By submitting her Motion and Memorandum, Plaintiff's counsel has crossed well past the permissible limits of zealous advocacy and intruded headlong into frivolity, wastefulness, and bad faith. Such improper use of the federal courts, and such abuse of Defendant, should not go unchecked. Plaintiff's submissions deserve sanction, through imposition of Defendant's attorneys' fees against Plaintiff or her counsel, by this Court.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Expenses, Including Attorney Fees, Under Rules 26(a), 37(c)(1) and 60(b)(3) Federal Rules of Civil Procedure should be denied.

Respectfully submitted,

TAFT, STETTINIUS & HOLLISTER

By: _____/s/ Mark J. Stepaniak_____
Mark J. Stepaniak (0007758)
e-mail: Stepaniak@taftlaw.com
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
(513) 381-2838 Office
(513) 381-0205 Facsimile

and

HUSCH & EPPENBERGER, LLC
Joseph H. Guffey
e-mail: joe.guffey@husch.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile

*Attorneys for Defendant GlaxoSmithKline*

- 10 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this _17th_ day of September, 2003, a true and accurate copy of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Motion for Expenses, Including Attorneys Fees was filed electronically with the Court.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

                                                _____/s/ Mark J. Stepaniak_____