# Husch & Eppenberger, LLC
Attorneys and Counselors at Law

100 N. Broadway, Suite 1300
St Louis, MO 63102-2799
314.421.4800
314.421.0239 fax
www.husch.com

**Gaynell Gallagher**
314.622.0663 direct dial
gaynell.gallagher@husch.com

November 29, 2001

**Via Facsimile: (513) 772-7991**

F. Bruce Abel, Esq.
885 Greenville Avenue
Cincinnati, OH 45246

    Re: *Cynthia Payne v. GlaxoSmithKline*, Case No. C-1-01-111.

Dear Bruce:

    I am in receipt of the interrogatory responses and have the following comments:

- Int. #2: The response that the interrogatory calls for information that does not lead to relevant evidence is not a proper objection. I do not believe plaintiff will be able to show that the Sixth Circuit would find such evidence inadmissible. The information regarding plaintiff's children is relevant to this matter for a number of reasons, including her claim for emotional distress damages and any other family responsibilities which may have impacted her ability to focus on her studies.

- Int. #4: This interrogatory requests more information than the information covered by the Case Management Plan. While I understand that you may not now know, the interrogatory should be fully answered, in addition to what every material you may provide pursuant to the Case Management Plan.

- Int. #6: The response that the interrogatory calls for information that does not lead to relevant evidence is not a proper objection. I do not believe plaintiff will be able to show that the Sixth Circuit would find such evidence inadmissible. All plaintiff's employment is relevant and admissible on the issue of her damages. Please clarify the statement: "Pharmacology opportunity that would offer high $50's in annual income (base + commission)." Because it is not a complete sentence, I cannot tell what she is referencing. I also cannot tell if the sentence relates to the job with Reynolds or the job with Forest. Also missing from this answer are the following: 1) the reason plaintiff is no longer working for


PLAINTIFFS EXHIBIT A

F. Bruce Abel, Esq.
November 29, 2001
Page 2

- Reynolds, 2) the benefits plaintiff received at W.W. Grainger, and 3) the benefits plaintiff receives at Applied Mechanical.

- Ints. #7 & 8: This interrogatory does not call for a legal conclusion. Plaintiff has already stated the legal conclusion "that GlaxoSmithKline breached an employment agreement." This interrogatory seeks only the facts upon which plaintiff bases that legal conclusion and GSK is entitled to that information. The reference to the Complaint is an insufficient answer as the Complaint does not provide the answers to the information requested in the interrogatory.

- Int. #9: The response that the interrogatory calls for information that does not lead to relevant evidence is not a proper objection. I do not believe plaintiff will be able to show that the Sixth Circuit would find such evidence inadmissible. All her employment is relevant and admissible on the issue of her damages. The objection to the number of interrogatories is also not well-founded. Where each subpart directly relates to the subject matter of the interrogatory as a whole, as these do, the interrogatory is considered by the Courts to be one question. Federal courts have construed such interrogatories to actually *narrow* the scope of the interrogatory. See e.g. Clark v. Burlington Northern Railroad, 112 F.R.D. 117 (E.D. Miss. 1986). One of the purposes of interrogatories is to narrow the scope of information to be solicited at a deposition. In addition, it is the defendant's decision to decide what information to solicit using various discovery methods, not the plaintiff's. Finally, because GSK is entitled to this employment information, this letter serves to advise plaintiff that it may seek sanctions against her for the costs and fees associated with being forced to subpoena the information as a result of her refusal to sign the Authorizations.

- Int. #10: As stated above, the objection to the number of interrogatories is also not well-founded.

- Int. #11: GSK is entitled to know the identity of all persons with knowledge of the subject matter about which plaintiff complains. This information is not work product. The answers provided are not fully responsive because they do not include the "identities" of the individuals as that word is defined in the interrogatory definitions. Please supplement this answer to include the identify of all such persons.

- Int. #13: This answer is incomplete in that it does not provide the requested information concerning the health care providers.

F. Bruce Abel, Esq.
November 29, 2001
Page 3

- Int. #14 & 15: This objection is not well-founded. Because plaintiff has placed her physical and emotional health at issue, GSK is entitled to all information requested. Because GSK is entitled to this medical information, this letter serves to advise plaintiff that it may seek sanctions against her for the costs and fees associated with being forced to subpoena the information as a result of her refusal to sign the Authorizations. The interrogatory should be answered regardless of the information provided pursuant to the Case Management Plan.

- Int. #16 & 21: These responses are self-serving and absolutely false. GSK will move to strike them unless accurate answers are provided as part of a complete set of responses. As I stated in my recent letter to you, I have twice offered to copy all of these materials, at your expense. Because they are so voluminous, you have declined. As you also know, no documents have been provided pending the judge's approval of the Protective Order.

- Int. # 17 & 20: These answers are non-responsive. The purpose of interrogatories is to provide facts to support the allegations in the Complaint. If plaintiff has no information other than the information stated in the Complaint, please supplement the interrogatory responses to so indicate.

If we cannot reach agreement on the above items, this serves as an attempt, under Local Rule 37.1, to resolve these issues through extrajudicial means before seeking court interference.

With regard to attempts to schedule the 30(b)(6) deposition, we have been unable to schedule a deposition for this week. Please provide dates in December when you will be able to take the deposition and we will try to accommodate them. Feel free to contact Legal Assistant Cindy Foster (314-622-0698) who can assist you with that scheduling.

This Friday, November 30, 2001, will be my last day with the firm as I am leaving to take a position as labor and employment counsel with Federal Express in Memphis, Tennessee. Joe Guffey, another partner in the firm, will be taking over responsibility for this case. He works in the firm's other St. Louis office and can be contacted as follows:

   Joseph Guffey
   Husch & Eppenberger, LLC
   The Bemiston Tower
   231 South Bemiston, 8th Floor
   St. Louis, MO 63105-1914
   Phone: (314) 727-5822
   Fax: (314) 727-2824

F. Bruce Abel, Esq.
November 29, 2001
Page 4

Until Friday, I will be happy to discuss any of the above issues with you.

Sincerely,

Gaynell Gallagher