**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CYNTHIA K. PAYNE, ) | Cause No. C-1-01-111 |
| ) | |
| Plaintiff, ) | Judge Herman J. Weber |
| ) | |
| vs. ) | |
| ) | |
| GLAXOSMITHKLINE, ) | |
| ) | |
| Defendant. ) | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPENSES, INCLUDING ATTORNEY FEES, UNDER RULES 26(a)(1), 37(c)(1) AND 60(b)(3) FEDERAL RULES OF CIVIL PROCEDURE** |

As spelled out in our earlier Memorandum in Support of Motion for Expenses and Attorney Fees (Doc. No. 110) the key defense of GSK was that Plaintiff mixed up the training materials, got confused, and then failed the test for Avandia. Therefore it is beyond dispute that GSK knew from the outset that the exact materials she got, in the exact order sent, were crucial for GSK's defense. Yet the proper configuration was not presented until a few days before the trial, in violation of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

GSK, in its Memorandum in Opposition to Plaintiff's Motion for Expenses, Including Attorney Fees, (GSK filing, Doc. No. 119, filed September 17, 2003), aside from attempting to stress factually that Rule 26(a)(1) was satisfied, see *infra*, does not face or address the underlying rationale for Rule 26(a)(1),[1] nor the case law we cited. GSK causes confusion through the likes of the following statement:

> As Plaintiff admitted at trial, however, the [Avandia Training S]upplement itself was provided to Plaintiff on December 18, 2001 by Federal Express as part of a binder containing all Avandia Training materials. (See Ex. A)  [Exhibit A is seen merely as a cover letter without detailing]. (Plaintiff's Memorandum at 3, lines 15-17)

This answer is akin to saying that the name "John Smith" was disclosed by providing an unmarked New York telephone book.  As stated earlier, unmarked, random pages within the materials is not "the Avandia Training Supplement."  Missing entirely was the cover page and any bound volume.

Ignored by GSK are the following points we raised in our original Memorandum (Doc. No. 110):

> Whether Rule 26(a)(1) does have the teeth intended [to enable Plaintiff] to get core documents at the beginning of a case as required by Rule 26(a)(1). (Plaintiff's Memorandum at 9, line 7)

> Information late is information "lost" for the non-corporate plaintiff, because resources and time to delve further are gone. (*Id.* at 8, line 12)

> Rule 26(a), coupled with Rule 37(c), provides a "self-executing sanction for failure to make a disclosure, without need for a motion." Fed. R. Civ. P., advisory notes; See *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo & Beneficiencia*, 248 F3d 29 (1st Cir., 2001), at 33. (district court did not err in imposing sanction

---

[1] GSK, at page 3, lines 6-7, erroneously states that the proper procedure to challenge a Rule 26(a) filing is a motion  under Rule 37(a)(2)(A) which, as we state elsewhere, contradicts the "voluntary" purpose of the rule itself and the available court remedy under Rule 37(c)(1).

2

in absence of a motion to produce since sanction was imposed under Rule 37(c) for failure to make disclosures required by Rule 26(a)). (*Id*. at 13, lines 3-8)

We know from GSK counsel Gay Gallagher's ostensibly complete listing of documents October 16, 2001, that she was unaware of documents called "Avandia Homestudy Workbook" and "Avandia Training Supplement." (Doc. No. 110, Tab B) Nevertheless GSK writes (Doc. No. 119):

> Plaintiff asked for the identity of all the study documents she received from Defendant. Defendant identified a two page-long list of documents, including referring to a training manual binder which, in fact, contained all the Avandia-related materials. (GSK Memorandum at 5, lines 10-12; referring to the same Tab B to Doc. No. 110)

With no descriptive "Avandia Homestudy Workbook" or "Avandia Training Supplement" provided, this statement is incorrect. The issue in litigation *defense* is not Were all the materials extant to enable one to pass the Avandia test; it is What did Plaintiff see and then do. As we pointed out in our original Memorandum, our Interrogatory Item 8 read: "Please identify each item of study materials (date of employment forward) *that was given to Plaintiff*." Discrete documents called "Avandia Homestudy Workbook" and "Avandia Training Supplement" (we now know) were given to all sales reps. Again, GSK made no attempt to track these discrete documents down and to give them to Plaintiff until trial, let alone at the beginning of the case.

GSK argues that it simply did not violate Rule 26(a)(1) in that GSK identified and produced "all documents used in its defense."

> Rule 26(a)(1) requires a defendant to describe, by "category", documents it "may use" in its own defense. In its disclosures,

3

> Defendant identified all the documents it used in its own defense. Specifically, among other things, Defendant identified "relevant test study materials" as a category of documents. (Docket #110, Ex. A). (GSK Memorandum at 4, lines 12-15)

GSK did violate Rule 26(a)(1) in a fundamental way. The use of the phrase "relevant test study materials" is seen, upon reflection, to be a violation, as being wholly inadequate, in opposition to the purpose of Rule 26.[2] The defendant is supposed to volunteer evidence at the outset that is helpful to Plaintiff to "get down to brass tacks," and to identify truly what is relevant to the defendant; otherwise the rule is a sham. This was supposed to be the trade-off for Plaintiff holding off discovery until after conference with the judge, etc.

To require Plaintiff to file a motion to the court to point out the inadequacy of the Rule 26(a) filing – a course implied by the GSK Memorandum throughout -- would, of course, defeat the purpose of Rule 26(a) itself as this rule is supposed to be a self-executing rule requiring no motions.

Of course "test study materials" are going to be relevant but what are they? (Remember, Plaintiff had turned in all her materials and was in the dark; more importantly, her counsel was in the dark). What is meaningful is: What were they. By the actions of GSK and counsel it became obvious that they did not know what they

---

[2] Rule 26. General Provisions Governing Discovery; Duty of Disclosure and in particular §26(a)(1) reads as follows:

> (1) Initial Disclosures. …[A] party must, without awaiting a discovery request, provide to other parties:
> \*   \*   \*
> (B) A copy of, or a description by category and location of, all documents, ….

were. (Hence we say the fraud of the 85% testing requirement, an argument now long gone.)

Even at the threshold level it is admitted that GSK did not produce July 3, 2001, *a copy of the documents* under 26(a)(1), served July 3, 2001 nor did GSK provide a description by category *and location*. (See Tab A attached to our initial Memorandum, being GSK's Rule 26(a)(1) notification, such notification served July 3, 2001).

What was produced later is not a Rule 26(a)(1) issue *per se*. The pages were presented[3] but no cover page was produced to identify them by title. GSK admits it did not produce the Avandia Training Supplement until trial. Nor did GSK provide a description of same. (See Tab A, attached to our initial Memorandum, being GSK's Rule 26(a)(1) notification, served July 3, 2001).

### Other Points Raised by GSK

#### "Particular Form"

- Plaintiff complains she did not receive training documents in a particular form. GSK Memorandum at 1, lines 5-6)

Response: we agree. It is the particular form that determines the GSK defense.

#### Waiver

- Failure to object before or at trial, and by her stipulating to the use at trial of the documents about which she now complains. (*Id*., lines 11-12 and elsewhere)

Response: we do not conclude that our objecting to evidence would have made any difference to the narrow Title VII case that went to the jury. We do maintain that the

case could have been far different, of dismissed earlier even, at Plaintiff's urging, if the proper form of the evidence had been produced at an early stage.

### Cover Page

- The only matter about which Plaintiff suggests she did not have prior knowledge was a cover title page to an Avandia training supplement. (Plaintiff's Memorandum (Docket #110), (*Id.* at 3, lines 13-14)

Response: we agree if the time of analysis was the trial in July 2003. But Rule 26(a)(1) covers materials that are to be produced at the outset, two years before trial.

### Conclusion

Because of Rule 26(a)(1) violation, discovery was a shambles. Even though we do not say what the effect could have been on the case as it went forward, we believe Plaintiff should be placed back at "square one" as to expenses and attorney fees.

For the foregoing reasons this court should award Plaintiff expenses, including attorney fees, caused by the above abuse of process.

Respectfully submitted,

/s/ F. Bruce Abel
_____
F. Bruce Abel
Trial Attorney for Plaintiff
885 Greenville Avenue
Cincinnati, OH 45246
513 772 1045
email: babel2@fuse.net

---

[3] They were interspersed in Plaintiff's rearranged materials, not recognizable as being part of a discrete separate document.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2003, I electronically filed the Foregoing Plaintiff's Reply Memorandum In Support Of Motion For Expenses, Including Attorney Fees, Under Rule 26(a)(1) And Rule 37(c)(1) And Rule 60(b) Federal Rules of Civil Procedure, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark J. Stepaniak
Taft, Stettinius & Hollister
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
Ph: 513 381 2838
email stepaniak@taftlaw.com

Joseph E. Guffey
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441
Ph: (314) 480 1500
email: joe.guffey@husch.com

Counsel for Defendant

/s/ F. Bruce Abel
_____
F. Bruce Abel