IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA K. PAYNE, | ) |
|     Plaintiff, | ) Cause No. C-1-01-111 |
| vs. | ) Judge Herman J. Weber |
| GLAXOSMITHKLINE, | ) **DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL ATTORNEYS' FEES** |
|     Defendant. | ) |

**I.   INTRODUCTION**

GlaxoSmithKline ("GSK") filed its Motion for Partial Recovery of Attorneys' Fees because Cynthia Payne ("Plaintiff") and her counsel knew or should have known that her claims for breach of contract, disability discrimination, fraud, and outrage were frivolous.

In her response, Plaintiff missed the point. Plaintiff complains: about how she should not be sanctioned simply because she ultimately could not prove her claims; about what she did and did not discover during the case; and about claimed changes in the law.

What Plaintiff does not address is the fact that she and/or her counsel, without regard for the facts or the law, asserted in this case multiple claims which never had any reasonable basis. Plaintiff and her counsel knew or should have known from the beginning that: Plaintiff had no basis for a breach of contract claim because there was no agreement, written or oral; Plaintiff had no basis for a disability discrimination claim because she was not disabled and GSK did not learn about her alleged condition until after it decided to terminate her employment; Plaintiff had no basis for her fraud claim because she admitted GSK did not knowingly make any false promise to her; and Plaintiff had no basis for her tort of outrage claim because Ohio law makes clear the facts as alleged are not actionable.

**II.    ARGUMENT**

A defendant may recover the attorneys' fees it incurs defending against claims which are frivolous, unreasonable or without foundation. 28 U.S.C. §1927; 42 U.S.C. §12117(a); F.R.C.P. 11. In this case, Plaintiff and her counsel knew or should have known that her contract, disability, fraud, and outrage claims completely lacked merit under the applicable facts and law.

A.    Plaintiff's Breach of Contract Claim Was Frivolous.

The frivolity of Plaintiff's breach of contract claim does not, as she suggests, arise from the fact that she ultimately failed to show a breach. What makes Plaintiff's claim frivolous is that she could not even demonstrate a contract which could have been breached.

In order to maintain a breach of contract claim, a plaintiff must first be able to show the existence of a contract or promise which established or altered the terms on which she could be discharged. (See January 27, 2003 Order, Dkt. #60). Plaintiff and her counsel, however, knew or should have known that she was an at-will employee who could be terminated with or without reason. Moreover, Plaintiff and her counsel knew or should have known that nothing in the documents upon which they relied stated anything which altered the terms of her discharge. (Id.).

The fact that Plaintiff actually argued in her Opposition to GSK's summary judgment motion that she had an indefinite right to employment so long as she passed her tests demonstrates the basic flaw in her theory. (Dkt. #27, p. 14). Plaintiff's counsel apparently believes, as he expressed in both Plaintiff's Opposition to GSK's summary judgment motion (Dkt. #27, p. 12) and his Opposition to GSK's attorneys' fees motion (Dkt. #120, p. 3), that a situation in which an employer may terminate an employment relationship without cause would be a mere "lottery ticket on a job". But, in effect, that is precisely the longstanding state of the

law. Plaintiff's counsel's dislike of Ohio law does not change the fact that Plaintiff had no contractual right to remain employed. Plaintiff's breach of contract claim was frivolous and should be sanctioned.

      B.     <u>Plaintiff's Fraudulent Inducement Claim Was Frivolous</u>

Plaintiff's fraudulent inducement claim was also wholly devoid of merit.

Under Ohio law, a claim of fraudulent inducement requires a plaintiff to demonstrate that the defendant knowingly made a false representation with the intent to mislead her. (<u>See</u> January 27, 2003 Order, Dkt. #60). Plaintiff's fraudulent inducement claim was based on her allegation that GSK represented it had a valid training and testing program in place. (<u>Id.</u>).

Plaintiff admitted, however, during her deposition testimony that she had no information that GSK knowingly made any false statement about its training program, and further that she had no information that GSK intended to mislead her. (<u>Id.</u>). In other words, Plaintiff brought a claim which she knew had no basis.

In her brief in opposition to GSK's motion for attorneys' fees, Plaintiff continues to complain about GSK's training program, about its witnesses' testimony, and about alleged discovery misconduct. (Dkt. #120, pp. 5-6). None of the foregoing, however, changes the fact that Plaintiff has never had any basis to assert that GSK knowingly made a false statement to her or intended to mislead her.

      C.     <u>Plaintiff's Disability Claims Were Frivolous</u>

Plaintiff's two disability claims were also made without any legal basis.

First, Plaintiff admitted that she did not inform GSK about her alleged condition until after GSK had already decided to terminate her employment. (<u>See</u> Memorandum in Support of Defendant's Motion for Partial Recovery of Attorneys' Fees, Dkt. #109, Ex. A). Obviously, an

employer cannot discriminate on the basis of a disability about which it has no knowledge. Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 884 (6th Cir. 1996). Indeed, Plaintiff admitted she had no facts to support her claim she was terminated because of a disability. (See Memorandum in Support of Defendant's Motion for Partial Recovery of Attorneys' Fees, Dkt. #109, Ex. A).

Second, Plaintiff admitted during her deposition that, despite her alleged learning disability, she remained an average learner. (Id.). Accordingly, Plaintiff knew facts which made clear she was not a qualified person with a disability. A person is not learning disabled if she is no more disadvantaged in learning than the average person. Gonzales v. Nat'l Bd. of Medical Examiners, 225 F.3d 620, 632 (6th Cir. 2000). In other words, Plaintiff brought disability claims which were unsupportable.

Equally unsupportable is Plaintiff's disingenuous argument that she dismissed her disability claims because of the Supreme Court's decision in Toyota Motor Manufacturing, Kentucky, Inc., v. Williams, 534 U.S. 184 (2002). Plaintiff wrongly implies that her disability claims were valid before Toyota, but suddenly became invalid after Toyota. Plaintiff ignores that the reasons her claims were invalid, as set forth in Kocsis and Gonzalez, were the law in this Circuit long before Toyota.

Indeed, while the general discussion of disability law in Toyota is consistent with Kocsis and Gonzalez, nothing in the Toyota decision changed the law governing Plaintiff's claims. The holding in Toyota has nothing to do with Plaintiff's case. The Toyota Court held simply that, in assessing whether a limitation on the ability to perform manual tasks is disabling under the ADA, the appropriate inquiry should be focused on whether the plaintiff is able to perform the manual tasks central to most people's lives, and not on whether the plaintiff is able to perform the tasks

associated with her specific job. 534 U.S. at 199-202. Manual tasks were not an issue in Plaintiff's case.

      D.     Plaintiff's Outrage Claim Was Frivolous

As Plaintiff reminds the Court, this Court has already indicated that Plaintiff's tort of outrage claim was frivolous. (See Plaintiff's Opposition to Defendant's Motion for Partial Fees, Dkt. #120, p. 6). Indeed, it was.

This entire case arose from the fact Plaintiff was terminated after having failed a knowledge assessment test. From that factual premise, without any evidence, Plaintiff's tort of outrage claim asserted the equivalent of a claim for intentional infliction of emotional distress. (See January 27, 2003 Order, Dkt. #60). Not only did Plaintiff present no evidence to support such a claim, Plaintiff could not present any evidence to support any of its elements. (Id.). Plaintiff presented no evidence that GSK intended to cause her emotional distress, that GSK's conduct was so extreme as to go "beyond all possible bounds of decency", or that GSK caused Plaintiff psychic injury so serious that "no reasonable man could be expected to endure it." (Id.). Plaintiff's claim was, by any reasonable measure, frivolous.

**III.    CONCLUSION**

Indeed, a basic inquiry into the facts and law, and/or pure commonsense, would have revealed that Plaintiff's contract, disability, fraud, and outrage claims were all frivolous. Instead, Plaintiff simply filed claims and allegations against GSK without regard to whether they had any basis in fact or law. Such cavalier abuse of the legal system and GSK should be sanctioned.

For all the foregoing reasons, and those set forth in its Memorandum in Support, Defendant GlaxoSmithKline's Motion for Partial Recovery of Attorneys' Fees should be granted.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: _____/s/ Joseph H. Guffey_____
    Joseph H. Guffey (admitted *pro hac vice*)
    190 Carondelet Plaza, Suite 600
    St. Louis, MO  63105
    (314) 480-1500
    Facsimile:  (314) 480-1505
    e-mail:  joe.guffey@husch.com

and

TAFT, STETTINIUS & HOLLISTER
    Mark J. Stepaniak (0007758)
    425 Walnut Street, Suite 1800
    Cincinnati, Ohio 45202-3957
    (513) 381-2838
    Facsimile:  (513) 381-0205
    e-mail:  Stepaniak@taftlaw.com

*Attorneys for Defendant GlaxoSmithKline*

## CERTIFICATE OF SERVICE

I hereby certify that on this _2d_ day of October, 2003 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

F. Bruce Abel, Esq.
885 Greenville Ave.
Cincinnati, OH  45246
*Attorney for Plaintiff*

    _____/s/ Joseph H. Guffey_____
Joseph H. Guffey (admitted *pro hac vice*)
HUSCH & EPPENBERGER, LLC
*Attorney for Defendant GlaxoSmithKline*
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
(314) 480-1500
Facsimile:  (314) 480-1505
e-mail:  joe.guffey@husch.com