UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA K. PAYNE,

        Plaintiff,

  v.                                    C-1-01-111

GLAXOSMITHKLINE,

        Defendant.

**<u>ORDER</u>**

This matter is before the Court upon defendant's motion for partial recovery of attorney's fees (doc. 109), plaintiff's motion for expenses, including attorney fees (doc. 110), and plaintiff's motion for new trial (doc. 113).

**I. Procedural history**

Plaintiff Cynthia Payne instituted this action against defendant GlaxoSmithKline on February 22, 2001 (doc. 1). In the original complaint, plaintiff brought claims for breach of contract and negligence. On June 27, 2001, plaintiff filed an amended complaint omitting the negligence claim and asserting claims for gender and disability discrimination in addition to the original breach of contract claim (doc. 11). On November 6, 2001, plaintiff filed a second amended complaint adding public policy and fraud claims (doc. 15). On November 25, 2002, after the completion of discovery, plaintiff filed a third amended complaint which omitted her disability discrimination claims and added a claim for the "tort of outrage" (doc. 51).

The Court issued an Order on January 27, 2003, granting summary judgment in favor of defendant on plaintiff's claims for breach of contract, fraudulent inducement, and tort of outrage and denying summary judgment on plaintiff's sex discrimination claims brought under Title VII and state law and plaintiff's public policy claim based on alleged violations of the state anti-discrimination laws. (doc. 60).

The case proceeded to a jury trial on plaintiff's gender discrimination claims. After a five-day trial, the jury returned a verdict in favor of defendant on July 18, 2003 (doc. 106). The Court entered judgment in favor of defendant and against plaintiff at plaintiff's cost on August 11, 2003 (doc. 108). The parties subsequently filed the motions which are presently before the Court.

## II. Plaintiff's motion for attorney fees

Plaintiff seeks attorney fees pursuant to Fed. R. Civ. P. 26(a)(1), 37(c)(1) and 60(b)(3). Plaintiff's complaints relate to the discovery of Avandia training materials supplied by defendant to its new hires, including plaintiff. Although plaintiff's argument is difficult to follow, plaintiff apparently requests expenses and attorney fees as a sanction for defendant's alleged failure to diligently fulfill production requests for such materials, thereby precluding plaintiff from synthesizing documents and composing her theory of the case. Plaintiff alleges that defendant failed to timely provide to plaintiff in the proper arrangement Avandia training materials which defendant had represented in its initial disclosures it would rely upon in support of its defense; (2) defendant failed to provide during discovery a cover page to such materials which was included in the joint trial exhibits; (3) defendant represented in its answer to the first amended complaint that defendant had provided additional study materials to some individuals but later represented that it had provided those materials to all individuals who were to take the Avandia test; (4)

2

defendant tried to isolate this case from its home office; (5) defendant gave an incorrect interrogatory answer about the timing of notification to new hires that new Avandia training materials had to be sent; and (6) plaintiff and her counsel did not notice until after trial a handwritten notation by an unknown sales representative on a page of one exhibit, although they "were looking right at the page", which notation could have swayed the jury and tainted the verdict.

Defendant opposes plaintiff's motion for fees and expenses on the grounds that plaintiff's claims lack merit; even if the claims did have merit, plaintiff cannot show that she was prejudiced in her ability to litigate her claims; and plaintiff waived her objections by failing to file a motion to compel, seeking a trial continuance, or raising an objection based on defendant's failure to produce original documents at an earlier date.

Fed. R. Civ. P. 26(a)(1) sets forth the disclosures a party is required to make. It provides, in pertinent part, as follows:

> (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
> * * *
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment . . .

Fed. R. Civ. P. 37(c)(1) provides that,

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . or to amend a proper response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 60(b)(3) authorizes the court to relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of the adverse party.

Plaintiff is not entitled to the relief she seeks under any of the provisions on which she relies on under any other theory. Plaintiff has not shown that defendant engaged in misconduct during the course of the lawsuit or abused the discovery process in any way. Nor has plaintiff shown prejudice resulting from defendant's purported misconduct. Plaintiff alleges that the case could have been far different and possibly dismissed even earlier, including at plaintiff's urging, if the training materials had been produced in their proper form at an early stage of the proceedings. Plaintiff has not shown, however, that the manner in which the training materials were arranged was of any significance to this lawsuit. In fact, the Court concludes after having heard the evidence at trial that the Avandia training materials, and specifically the manner in which those materials were arranged, had no bearing on the merits of any of plaintiff's claims. For these reasons, plaintiff is not entitled to attorney fees and expenses or any other sanction based on an alleged failure by defendant to comply with discovery rules.

### III. Plaintiff's motion for new trial

Plaintiff seeks a new trial pursuant to Fed. R. Civ. P. 59. In support of her motion, plaintiff relies solely on the arguments made in support of her motion for fees and expenses. Defendant argues that plaintiff has waived her right to rely on the matters raised in support of her motion for a new trial since she was or should have been aware of the issues presented prior to trial; plaintiff has not demonstrated any ground for a new trial; and plaintiff's complaints about defendant's discovery responses are false.

Fed. R. Civ. P. 59 provides that a new trial may be granted to a party in an action where there has been a jury trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A new trial will not be granted in a civil action on grounds not called to the court's attention during the trial "unless the error was so fundamental that gross injustice would result." ***United States v. Walton,*** 909 F.2d 915, 924 (6th Cir.1990)(citing C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2805 (1973)).

Plaintiff is not entitled to a new trial on any of the grounds asserted. Moreover, plaintiff does not dispute that she failed to bring the grounds on which she bases her motion for a new trial to the Court's attention during the trial of this matter, although plaintiff was aware of those grounds at the time of the trial, and plaintiff does not allege a fundamental error which would result in a gross injustice. Accordingly, plaintiff's motion for a new trial is not well-taken.

### IV. Defendant's motion for partial attorney fees

Defendant moves for the partial recovery of its attorney fees incurred in defending the five claims plaintiff brought which were dismissed before trial. Defendant seeks the requested relief under 28 U.S.C. § 1927, 42 U.S.C. § 12117(a) and Fed. R. Civ. P. 11. Defendant also seeks to

recover the attorney fees incurred in defending plaintiff's motion for a new trial and motion for fees and expenses, although defendant does not cite any authorities in support of its request. Plaintiff disputes that this lawsuit is frivolous and denies that defendant is entitled to recover any attorney fees.

Title 28 U.S.C.A. § 1927 provides that "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct". Title 42 U.S.C. § 12117(a) incorporates into the ADA certain provisions of Title VII, including 42 U.S.C. § 2000e-5, which authorizes the Court, in its discretion, to allow the prevailing party a reasonable attorney's fee.  A fee may be awarded under that provision where the claim is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." ***Christianburg Garment Co. v. EEOC,*** 434 U.S. 412, 421 (1978).

Fed. R. Civ. P. 11 provides that by presenting a paper signed by an attorney to the court, an attorney is certifying to the best of his knowledge, information and belief, formed after a reasonable inquiry under the circumstances, that the claims are warranted by the existing law or by a nonfrivolous argument for the extension of existing law, and the allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Rule 11 authorizes the court to impose an appropriate sanction for violation of the Rule. Rule 11 requires that a motion for sanctions shall be made separately from other motions or requests. It further requires that the motion shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21

days after service of the motion, the challenged claim or allegation is not withdrawn or appropriately corrected.

The Court finds that an award of partial attorney fees to defendant is not warranted. First, defendant did not comply with the mandatory procedural requirements of Rule 11 so that it is not entitled to a fee award under that provision. Second, an award is not authorized under § 1927 because there has been no showing that plaintiff multiplied the proceedings vexatiously. Finally, the Court will not exercise its discretion to award fees under § 12117(a) since the Court does not believe that plaintiff's raising an ADA claim in addition to the remaining claims warrants such an award.

## V. Conclusion

Defendant's motion for partial recovery of attorney fees (doc. 109), plaintiff's motion for expenses, including attorney fees (doc. 110) and plaintiff's motion for new trial (doc. 113) are **DENIED.**

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\01-111sanctsnewtr.wpd