## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CYNTHIA K. PAYNE, | ) |
| | ) Cause No. C-1-01-111 |
| Plaintiff, | ) |
| | ) Judge Herman J. Weber |
| vs. | ) |
| | ) |
| GLAXOSMITHKLINE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) **PLAINTIFF'S MOTION TO RE-TAX** |
| | ) **COSTS** |
| | ) |
| | ) |

Pursuant to Rule 54(d), Fed. R. Civ. P., Plaintiff, through counsel, moves the

court to re-tax costs.  In support we file the following Memorandum.

Respectfully submitted,


 /s/ F. Bruce Abel_____
F. Bruce Abel
Trial Attorney for Plaintiff
885 Greenville Avenue
Cincinnati, OH 45246
513 772 1045
babel2@fuse.net

## <u>MEMORANDUM IN SUPPORT</u>

Defendant has filed a motion for costs in which it seeks to have this court tax costs of $11,752.74 against Plaintiff Cynthia Payne.  Plaintiff opposes this motion for the reasons set forth below.

### I. This Court Should Exercise Its Discretion <br> <u>To Deny All Costs To Defendant</u>

Rule 54(d) of Fed. R. Civ. P. provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*."  The United States Supreme Court has interpreted Rule 54(d) as vesting the trial court with discretion to allow or deny costs to a prevailing party.  *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411 (1964).  *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441-442, 107 S.Ct. 2494, 2497 (1987) held that "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.  The trial court has no discretion to award as costs any expenses not expressly authorized by statute.  Its discretion is limited to denying costs authorized by statute.  *Id.* at 441-442.

Any award or denial of costs must be supported by factual findings.  *Phelan v. Bell*, 8 F.3d 369, 375 (6th Cir. 1993), *Goostree v. Tennessee*, 796 F.2d 854, 863-864 (6th Cir. 1986) (remanding for factual findings to support award of costs), *cert. denied*, 480 U.S. 918 (1987).

The leading Sixth Circuit decision on the awarding of costs under Rule 54(d) is *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728 (6th Cir. 1986) which held that all costs could be denied to the successful party where "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party."

After noting that Rule 54(d) creates a presumption in favor of awarding costs the Court held that the rule allows denial of costs at the discretion of the trial court. The Sixth Circuit then upheld a total denial of costs to prevailing defendants in that antitrust action. *Id.* at 730. The Court enumerated the factors a trial court should consider in exercising its discretion to deny costs to a prevailing party:

> a) Were the taxable expenditures unnecessary to the case or unreasonably large?

> b) Should the prevailing party be penalized for unnecessarily prolonging trial or injecting unmeritorious issues?

> c) Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?

> d) Was the case close and difficult?

> e) Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?

> f) Did the losing party conduct the case with propriety?

> g) Have other courts denied costs to prevailing defendants in similar cases?

> h) Did the prevailing party benefit from the case?

> i) Did the public benefit from the case?

> j) Did the case result in a profound reformation of current practices by defendant?

> k) Does the award of costs have a chilling effect on other litigants? *Id.* at 730-731

In *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068 (S.D. Ohio 1995), this Court denied all costs to prevailing defendants in a civil rights action. It relied on the factors enumerated in *White & White* and summarized those factors that the district court

3

should consider in exercising its discretion in determining costs. *Rosser*, 885 F.Supp. at 1071-1072, citing *White & White, Inc.*, 786 F.2d at 730-731.  Many of the factors cited above are relevant to this case and would justify this Court, exercising its discretion, to deny all costs to defendants.  These factors are discussed below.

### GlaxoSmithKline Unnecessarily Prolonged The Proceeding By Injecting Unmeritorious Issues Which Could Have Been Omitted If Rule 26(A)(1) Had Been Followed

As we briefed earlier, GSK was less than diligent in fulfilling production requests precluding synthesis of documents and composition of Plaintiff's theory of the case. Depositions of Tench and Massaro, taken after discovery deadlines had technically passed, were too late, practically, for the Plaintiff.  The proper order of exhibit pages was not disclosed until a few days prior to the trial, causing confusion.  Information late is information "lost" for the non-corporate plaintiff, because resources and time to delve further are gone. Here there was a failure of GSK, for over one year (filing of Complaint to very end of discovery period):

1.      to go to the people in Philadelphia who could answer the interrogatories

2.      to study the materials Plaintiff had returned:

Thus:

> MR. GUFFEY:  No.  With respect to the original request for production of her prior versions, we're trying to find something that matched seven chapters. So, we have looked for a seven-chapter training manual for sometime, but we didn't realize that a seven-chapter training manual wasn't what we should have been looking for.  We should have been looking for nine chapters.
>
> (Massaro Depo at 72-73)

This was an admission that in response to our *open-ended* Request for Production "of the earlier version" of the Avandia Training Manual GSK only looked for a seven-chapter version.

## The Case Was Close And Difficult

The *White & White* factors:

> The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.  786 F.2d at 732.

In retrospect the case was close and difficult as the promissory estoppel aspect of the case loomed large, but was dismissed in summary judgment.  The written release aspect of the case was quite complicated and resulted in a summary judgment decision January 27, 2003 by this court (Doc. No. 60 at 8-11) favorable to Plaintiff and clarifying the law, which decision is being cited by plaintiff's throughout the district, if not the circuit, e.g. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, at 14, and Exhibit 5, filed March 29, 2004 in *Maley v. Green Township Board of Trustees*, Case No. C-1-02-024. (by counsel unrelated to the undersigned).

## The Public Benefitted From The Case

Because of the above we believe the public benefited from the case in the furtherance of the law of release and duress.

## The Award Of Costs Would Have A Chilling Effect On Other Litigants

The chilling effect of an award of costs against a losing plaintiff is an appropriate factor to justify this Court to exercise its discretion to deny all costs to defendants. *See, White & White, Inc.* 786 F.2d at 731.  Cindy Payne worked for a large multinational

company – GSK -- whose key officers were far away in Philadelphia.  Costs to her for

depositions in Philadelphia led to fruitless dead-end through no fault of hers.  As stated

elsewhere the Philadelphia depositions at and after discovery cutoff were occasioned by

the late discovery of additional documents.  So the undersigned and the Plaintiff trekked

twice to Philadelphia to try to nail down what was known at corporate office.  For

Plaintiff to have to bear these costs again would have a chilling effect on other litigants.


### Plaintiff Acted Reasonably And In Good Faith

The Sixth Circuit, *White & White, Inc.*, 786 F.2d at 730, held that the propriety

with which the losing party conducts the litigation may be considered, although it is

insufficient by itself.  This Court was involved in numerous pretrial conferences, had

reviewed the pleadings and presided over the trial, and is able to judge whether plaintiff's

conduct was proper and should be considered along with other relevant factors.

The trial went forth on Title VII (and related) claim(s) only, although the case

started with many different causes of action and in particular fraudulently inducing Plaintiff

to give up her job with Forest Labs to go with GSK[1]; and also breach of contract.[2]

Seemingly central to the case was a replication of the events that faced Plaintiff.

Plaintiff dropped her ADA claim after the Supreme Court decision in *Toyota Motor*

*Manufacturing Corp. v. Williams*, 534 U.S. 184, decided January 8, 2002. Further, we did

not try to inflame the jury by mentioning Plaintiff's learning disability relating to having

---

[1] Relying on *Hyman, v. International Business Machines Corp,.* 2000 U.S. Dist. LEXIS 15136 (S.D.N.Y. 2000).

[2] Relying on *Angotti, v. State Farm*, 1991 U.S. App. LEXIS 28187 (6th Cir. 1991), on all fours with the instant case except for Michigan's duty of good faith.

taken chemotherapy, as this was not relevant to Title VII claims that remained, and there was no evidence that GSK knew of this problem.   Further the Court praised the Plaintiff for our even-handed proposed instructions to the jury.

The Sixth Circuit has held that "[t]he good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations.  Good faith without more, however, is an insufficient basis for denying costs to a prevailing party."   *White & White, Inc.*, 786 F.2d at 731.  This Court can judge whether or not plaintiff brought and litigated this case in good   faith.  While good faith alone is insufficient for denying fees, the remaining factors discussed herein, coupled with plaintiff's good faith, are sufficient to justify denial of fees to the defendants.

As noted previously, this court denied all costs in *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068 (S.D. Ohio 1995). It found that the losing plaintiffs acted reasonably and in good faith, the case was difficult and close, and that the award of costs would have a chilling effect.  Although he found many of defendants' costs to be reasonable and necessary, that defendants acted in good faith, and that defendants received a great benefit from the litigation and vindication of its practices, he denied all costs after considering the totality of the circumstances.  *Id.* at 1072.

### GlaxoSmithKline, the Prevailing Party, Benefitted From The Case

Although throughout early discovery GSK denied there was any error, it was finally admitted by GSK that an improper cover was placed on outdated training materials that were sent out to Plaintiff.  As a result of this case GSK changed its internal procedures so that each version of the documents could be identified on the cover so that the mistake could not happen again to unwitting sales reps.

### Other Factors – Ability to Pay

*Williams v. Hevi-Duty Elec. Co.,* 122 F.R.D. 206 (M.D.Tenn. 1988), was a racial discrimination in employment action in which the defendant prevailed. The district judge in that action denied costs to the prevailing defendant, citing *White & White, Inc*. The court also considered the ability of the losing party to pay the costs noting that, while the wealth of a prevailing party might not be a reason for denying costs, the inability to pay would be one of those factors making it inequitable to require the losing party to pay costs, especially when the case was brought in good faith and with a reasonable chance of winning. 122 F.R.D. at 214. *See also, Allstate v. Michigan Carpenter's Coun. H. & W. Fund*, 760 F.Supp. 665 (W.D. Mich. 1991). The trial court found that an award of costs to plaintiffs would be inequitable because the case was close and difficult. *Id.* at 670.

While the record showed that Plaintiff has always worked hard at good jobs, is self-educated, and her husband is employed as a fire-fighter, the record also showed that Plaintiff has two boys to raise and educate and a cost award on top of the moneys spent on the case to date, would be catastrophic.

## II. **In The Alternative, This Court Should Exercise Its Discretion To Deny Certain Individual Costs To Defendant**

### **Many Of Defendant's Costs Were Unnecessary Or Unreasonable**

We have spelled out above how GlaxoSmithKline caused the Philadelphia depositions by not remembering the various versions of the materials, etc. It is seen that the entire foray to Philadelphia was caused by this late revelation and hence all the costs relating to same. In *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir. 1959) the Sixth Circuit held that the Rule 54(d) gave discretion to the court to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances to put the burden upon the losing party. "Examples will be found in cases where the amount of taxable costs actually expended were unnecessary or unreasonably large under the circumstances." *Id.* at 146. These unnecessary and unreasonable costs are another factor which this Court should consider in denying defendants their costs in this litigation. *Lichter*, 269 F.2d at 146 and *White & White, Inc.*, 786 F.2d at 730 hold that the trial court may deny costs where taxable expenditures by the prevailing party are "unnecessary or unreasonably large."

A.    Defendants seek the following expenses

| | | |
|---|---|---|
| Court Reporter | | $  125.02 |
| Consisting of: | | |
| Plaintiff's Opening Statement | 96.80 | |
| Defendant's Opening Statement | 28.22 | |
| | | |
| Fees For Witnesses | | $ 3409.39 |
| Consisting of: | | |
| Travel Expense Beth Tench | $640.12 | |
| | 3.00 | |
| | | |
| Massaro | 840.12 | |
| Shari Sanservino | 877.11 | |
| | 32.00 | |
| | | |
| Sandra Mae | 72.00 | |
| | | |
| | | |
| Fees For Exemplification and Copies | | $ 4219.18 |
| Docket Fees | | $    40.00 |
| Deposition Costs | | $ 3959.15 |
| | | |
| Total | | $11,752.74 |

The expedited original transcript ($124.02) and fees for blow-ups and the like ($4219.18) should be disallowed as beyond the minimum required.  *See, Farmer*, 379 U.S. at 230 (overnight or expedited transcript costs are not allowable), *Hill v. BASF Wyandotte Corp*, 547 F.Supp. 348, 352-353 (E.D. Mich. 1982) (no showing of need for expedited transcript of deposition).

**The Costs Of Tench, Sanservino and Massaro Travel Should Be Denied.**

Even if this Court were inclined to approve travel expenses to Cincinnati, the amount claimed is excessive.  The Southern District of Ohio has published "Guidelines for Attorneys Taxation of Court Costs in the Southern District of Ohio," Revised August 21, 1995.  These guidelines provide the "100 mile rule applies in this Court except when travel within the district exceeds a 100 mile radius.  Witnesses residing outside of the district and living in excess of 100 miles will be paid at the point of entry into the district or for 100 miles, whichever is greater."  The authorized mileage rate is 39 cents per mile.  Thus the maximum should be three times $.39 x 200, or $234.

### III. Summary

The Sixth Circuit has held that the trial court has discretion to deny costs to a prevailing party in their entirety when "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party."  *White & White, Inc., supra.*  The court listed a number of factors the trial court should consider in exercising its discretion and many of these factors apply to plaintiff in this action.  When the court exercises its discretion and makes factual findings, the court of appeals will not reverse unless the district court committed error in applying the criteria.

## <u>CONCLUSION</u>

This Court should find that it would not be equitable to award any fees to defendant in this case and should apply the factors discussed above with appropriate findings of facts.

In the alternative, this Court should deny the specific costs as stated above.

Respectfully submitted,

 /s/ F. Bruce Abel
F. Bruce Abel
Trial Attorney for Plaintiff
885 Greenville Avenue
Cincinnati, OH 45246
513 772 1045

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May, 2004, I electronically filed the foregoing Plaintiff's Motion to Re-Tax Costs with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark J. Stepaniak
Taft, Stettinius & Hollister
1800 Firstar Tower
425 Walnut Street
Cincinnati, Ohio 45202-3957
513 381 2838
Stepaniak@taftlaw.com

Joseph E. Guffey
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441
Ph: (314) 480 1500
Counsel for Defendant
Joe.Guffey@husch.com

_____/s/ F.BruceAbel_____
F. Bruce Abel