IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA K. PAYNE, ) | Cause No. 1:01cv00111 |
| Plaintiff, ) | |
| ) | Judge Herman J. Weber |
| vs. ) | |
| ) | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS AS SET FORTH IN PLAINTIFF'S MOTION TO RE-TAX COSTS** |
| GLAXOSMITHKLINE, ) | |
| Defendant. ) | |

**I.     Introduction**

The "norm of action" is that prevailing parties "are entitled to their costs as of course." Nonetheless, after filing four versions of her Complaint, after having had most of her claims dismissed as a matter of law, and after having lost a jury trial regarding the remaining issues, Plaintiff Cynthia K. Payne now claims that this case is one in which the Court should ignore the presumption in favor of awarding Defendant its costs incurred in defending against her meritless lawsuit. Plaintiff's claim regarding costs is similarly without merit.

**II.     Argument**

Rule 54(d) "establishes a norm of action: prevailing parties are entitled to their costs as of course." White & White, Inc., v. American Hospital Supply Corp., 786 F.2d 728, 731 (6th Cir. 1986). An award of costs thus is "a normal incident of defeat". Jones v. Continental Corp., 789 F.2d 1225, 1229 (6th Cir. 1986) (quoting Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)). The presumption in favor of awarding costs created by Rule 54(d) may be overcome by the losing party only in limited circumstances not present here. White & White, 786 F.2d at 731-732.

1782716.01

As she has repeatedly complained throughout this litigation, and despite the fact her complaint has been rejected by this Court, Plaintiff argues that costs should be denied because Defendant allegedly violated Rule 26(a)(1). (See Plaintiff's Brief, p. 4). Specifically, Plaintiff continues to complain about Defendant's conduct in producing information regarding Avandia materials. In its March 2, 2004 Order, however, this Court specifically found that "Plaintiff has not shown that defendant engaged in misconduct during the course of the lawsuit or abused the discovery process in any way." Moreover, the Court further found "that the Avandia training materials . . . had no bearing on the merits of any of plaintiff's claims".

Accordingly, any argument by Plaintiff that Defendant should not be allowed to recover its costs because of its conduct during discovery fails to overcome the presumption in favor of costs.

Plaintiff also claims that she should be relieved of paying costs because the case was "close". Specifically, Plaintiff states that her promissory estoppel claim and the issue of her signed release were so complicated that they justify overcoming the presumption in favor of awarding Defendant its costs. (Plaintiff's Brief, p. 5). First, it is not clear to what Plaintiff refers by referencing a "promissory estoppel" claim since she has no claim denominated as such. Assuming that Plaintiff meant to refer either to her breach of contract claim or her fraudulent inducement claim, neither claim was close or complicated. Both claims were dismissed by summary judgment precisely because, even taking Plaintiff's account of the facts as true, the claims failed as a matter of law. Plaintiff had no contract. Plaintiff admitted facts which precluded her fraud claim. The fact Plaintiff failed to understand she had no relevant evidence to support her claims does not make them complicated.

Second, especially since Plaintiff was unsuccessful regarding all her legal claims, it is difficult to see how the alleged complexity of Defendant's affirmative defense of release could

justify denying costs to Defendant.  Moreover, there was nothing particularly complex about Defendant's release defense.  Plaintiff fails to provide any legal support for her implied argument that the fact she survived summary judgment on the issue somehow makes costs inappropriate.  If Plaintiff were correct, costs would never be awarded in a case that went to trial.  That result is obviously contrary to Rule 54(d).

Plaintiff's explanation as to how the public benefited from the case "in the furtherance of the law of release and duress" is unclear.  (Plaintiff's Brief, p. 5).  If Plaintiff is arguing that the fact another lawyer has cited this Court's summary judgment Order somehow shows the sort of public benefit contemplated by the Sixth Circuit when it listed benefit to the public as a factor in deciding costs, Plaintiff offers no legal support at all for her position.  More to the point, Plaintiff's claims were wholly private in nature, and did not seek to vindicate any public interest.  Compare White & White, 786 F.2d. at 730-731 ("action benefited the public by assuring the competitiveness of the hospital supply business which will result in lower health care costs for consumers").

Plaintiff next argues that costs should be denied because an award of costs in this case would have a chilling effect on litigation.  (Plaintiff's Brief, pp. 5-6).  Plaintiff, however, offers nothing but her own unsupported conclusion that awarding costs in this case would chill future litigation.  The intended significance of Plaintiff's description of certain depositions taken by her counsel as a "fruitless dead-end through no fault of hers" is unclear, but what is clear is that as between Defendant and Plaintiff, Defendant certainly should not have to bear the costs of Plaintiff's "fruitless" depositions.  Again, Plaintiff provides no facts to overcome the presumption in favor of awarding such costs to Defendant.

Plaintiff next claims that she acted reasonably and in good faith during the litigation. While Plaintiff's good faith may be necessary in order to deny Defendant costs, it is not sufficient. White & White, 786 F.2d at 730.

Plaintiff also contends that Defendant benefited from the case. Plaintiff provides no evidence to support her claim that Defendant changed its practices as a result of this litigation. Indeed, Plaintiff provides no evidence that Defendant changed its practices at all. Moreover, the change described by Plaintiff would not address the problem encountered by Plaintiff. The mistake made with regard to Plaintiff was that Defendant put the new cover of the Avandia workbook onto the old version of the workbook. Thus, even assuming Defendant implemented a system of marking its covers, that system would do nothing to prevent the honest mistake of putting old materials into the new cover.

Plaintiff's final stated reason that she should not have to pay costs in this case is that she lacks the ability to pay. (Plaintiff's Brief, p. 8). Plaintiff provides no evidentiary support for her claims. Moreover, even accepting as true the unsupported factual claims put forth by Plaintiff, Plaintiff does not and cannot demonstrate the inability to pay costs in this case. In Jones, the Sixth Circuit explained what it means to be unable to pay costs when it upheld an award of costs despite the plaintiff's claim of indigency, because it found she had sufficient assets to take out a loan without becoming destitute. 789 F.2d at 1233. In the case cited by Plaintiff, Williams v. Hevi-Duty Elec. Co., 122 F.R.D. 206 (M.D. Tenn. 1988), the district court denied costs only after plaintiff filed an affidavit demonstrating his poverty.

Plaintiff is not impoverished, and provides no evidence to support her inability to pay. To the contrary, Plaintiff admits she has "always worked hard at good jobs" and that her husband is "employed as a fire-fighter". (Plaintiff's Brief, p. 8). Plaintiff's financial documents used at

trial demonstrate that Plaintiff herself earned $61,000 during 2002. Plaintiff offers no support for her argument that the fact she has children somehow entitles her to avoid the Rule 54(d) presumption that she should pay costs in this case.

Finally, Plaintiff attempts to dispute individual components of Defendant's bill of costs. (Plaintiff's Brief, pp. 9-11). Plaintiff argues that Defendant should not be able to recover the costs of the parties' opening statement trial transcripts in the amount of $125.02. Defendant is willing to forego the $125.02. Plaintiff, however, misses the mark when she suggests Defendant should not recover $4,219.18 for "blowups and the like." The Southern District of Ohio Guidelines for Attorneys Taxation of Court Costs clearly states that fees for exemplification and copies are taxable as costs when they are received as evidence or used at trial. Plaintiff does not and cannot suggest that Defendant's exemplification and copy costs were for documents not received as evidence or otherwise used at trial. In fact, both Defendant and Plaintiff made use of Defendant's exhibits and blowups during the trial. Moreover, Defendant has sought the cost only for copying documents provided to the Court, not for those copies made for its own use during trial. Further, some of Defendant's claimed costs were actually incurred for copying the parties' intended joint trial exhibits (some of which were later marked as Plaintiff's exhibits) by prior agreement with Plaintiff. Defendant is entitled to recover its own costs under Rule 54(d), but by opposing Defendant's copying costs, Plaintiff is actually attempting to avoid responsibility for her own costs for which Defendant has already paid. (See attached 6/19/03 e-mail from Guffey to Abel; see also attached 6/26/03 letter from Foster to Abel). Plaintiff is also mistaken with regard to the travel expenses for witnesses Beth Tench, Shari Sanservino, and Jim Massaro. The United States Code states that witnesses traveling by common carrier are to be paid the actual expense of the most economical rate reasonably available. 28 U.S.C. §1821.

Tench, Sanservino, and Massaro all flew coach from Philadelphia to Cincinnati. Plaintiff's attempt to apply car travel mileage reimbursement rates to the witnesses' air travel makes no sense.

### III.    Conclusion

Plaintiff has failed to provide any evidence or law sufficient to overcome the presumption that Defendant is entitled to recover the costs it incurred in defending itself against her unsuccessful claims. Plaintiff has also failed to substantiate her claim that Defendant should not be able to recover costs incurred for exemplification and copies or travel. Accordingly, with the exception of the $125.02 expended on court reporter trial transcript fees, Defendant is entitled to the entire Bill of Costs.

    Respectfully submitted,

    HUSCH & EPPENBERGER, LLC

    By:    /s/ Joseph H. Guffey
        Joseph H. Guffey
        e-mail: joe.guffey@husch.com
        190 Carondelet Plaza, Suite 600
        St. Louis, MO  63105
        (314) 480-1500  Office
        (314) 480-1505  Facsimile

    and

    TAFT, STETTINIUS & HOLLISTER
        Mark J. Stepaniak (0007758)
        e-mail: Stepaniak@taftlaw.com
        425 Walnut Street, Suite 1800
        Cincinnati, Ohio 45202-3957
        (513) 381-2838 Office
        (513) 381-0205 Facsimile

*Attorneys for Defendant GlaxoSmithKline*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2004, a true and accurate copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Bill of Costs as Set Forth in Plaintiff's Motion to Re-tax Costs was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

          /s/ Joseph H. Guffey
Joseph H. Guffey
HUSCH & EPPENBERGER, LLC
e-mail: joe.guffey@husch.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile
*Attorney for Defendant*