UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cynthia K. Payne,

            Plaintiff,

-vs-                                                1:01-cv-111

GlaxoSmithKline,

            Defendant.

## CLERK'S MEMORANDUM ON COSTS

This matter is before the Clerk on the Bill of Costs filed by Defendant, GlaxoSmithKline (doc. no. 124). A review of the record indicates that a Motion to Re-Tax Costs was filed by the Plaintiff, Cynthia K. Payne (doc. no. 127) and a Reply to the Motion to Re-Tax Costs was filed by the Defendant (doc. no. 128). The Clerk has no authority to consider the Motion to Re-Tax Costs. The Clerk can only consider the Bill of Costs.

The following fees are **DISALLOWED** pursuant to the Guidelines For Attorneys Taxation Of Court Costs In The Southern District of Ohio dated 10-20-2003:

**EXHIBIT A. Fees for Copies of Trial Transcripts.** "The practice of this Court is to require prior court approval before the costs of a transcript can be taxed by the Clerk as costs." (Page 4 of the Guidelines). Therefore, **the amount of $125.02 for the trial transcript excerpts is DISALLOWED.**

-Page 2-

**EXHIBIT E. Witness Travel and Subsistence**. A thorough review of the record indicates that Ms. Beth Tench, Mr. James Massaro and Ms. Shari Sanservino testified as witnesses during the trial, however, Ms. Sandra May did not. (See Page 6 of the Guidelines.) "Witnesses that are summoned but do not testify are not taxed as costs, except where counsel can provide that the witnesses attendance was necessary or where the witness is at court ready to testify, but some change in the trial made the testimony unnecessary." Only the Court can determine if this expense was necessary, therefore, **the mileage of $72.00 and hotel expense of $176.85 for Ms. May is DISALLOWED**.

Therefore, the Bill of Costs is **GRANTED** in the reduced amount of **$11,378.87**. The Motion to Re-tax (doc. no. 127) will be considered by the Court.

James Bonini, Clerk

BY:    s/Karen F. Jones
       Karen F. Jones
       Division Manager

AO 133 (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT
## __SOUTHERN__ DISTRICT OF __OHIO__

**BILL OF COSTS**

CYNTHIA PAYNE,
        V.

Case Number: 1:01cv00111

GLAXOSMITHKLINE,

Judgment having been entered in the above entitled action on __August 11, 2003__ (becoming final on __April 1, 2004__),

against __Plaintiff Cynthia K. Payne__ the Clerk is requested to tax the following as costs:

| Item | Amount |
|---|---|
| Fees of the Clerk | $ |
| Fees for service of summons and subpoena | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. See attached Exhibit A for itemization. | ~~125.02~~ DISALLOWED |
| Fees and disbursements for printing | |
| Fees for witnesses (itemize on reverse side) | 3,160.54 ~~3,409.39~~ |
| Fees for exemplification and copies of papers necessarily obtained for use in the case. See attached Exhibit B for itemization. | 4,219.18 |
| Docket fees under 28 U.S.C. 1923 ..... See attached Exhibit C for itemization | $ 40.00 |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | |
| Other costs (please itemize) Deposition costs - See attached Exhibit D for itemization | $ 3,959.15 |
| **TOTAL** | $ 11,378.87 ~~$11,752.74~~ (KSJ) |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. I certify that on April 15, 2004, the foregoing was electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to F. Bruce Abel, Esq.; 885 Greenville Ave., Cincinnati, OH 45246.

Signature of Attorney: s/ Joseph H. Guffey

Name of Attorney: Joseph H. Guffey; Husch & Eppenberger; 190 Carondelet Plaza, Suite 600; St. Louis, MO 63105

For: Defendant GlaxoSmithKline      Date: April 15, 2004
Name of Claiming Party

Costs are taxed in the amount of $11,378.87 and included in the judgment.

JAMES BONINI    By: Karen J. Jones    10-26-2004
Clerk of Court        Deputy Clerk        Date

W0159696.1

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| BETH TENCH, Philadelphia, PA | | | 1 | 1,036.90 | | | $ 1,036.90 |
| JAMES MASSARO, Philadelphia, PA | | | 1 | 999.12 | | | $ 999.12 |
| SHARI SANSERVINO, Philadelphia, PA | | | 1 | 1,124.52 | | | $ 1,124.52 |
| SANDRA MAY, Pikeville, KY | | | 1 | ~~176.85~~ DISALLOWED | 200 | ~~72.00~~ DISALLOWED | $ ~~248.85~~ |
| * See attached Exhibit E for details of Subsistence Costs for each witness. | | | | | | | |
| | | | | | | TOTAL | ~~$ 3,408.39~~ $3,160.54 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
  "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
  "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6 (e)
  "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
  "Entry of the judgment shall not be delayed for the taxing of costs."

W0159696.1