UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CYNTHIA K. PAYNE,

      Plaintiff,

v.                                  C-1-01-111

GLAXOSMITHKLINE,

      Defendant.

## ORDER

This matter is before the Court upon plaintiff's motion to re-tax costs (doc. 127) and defendant's opposing memorandum (doc. 128). Plaintiff filed her motion to re-tax before the Clerk issued the Clerk's Memorandum on Costs on October 26, 2004. The Clerk disallowed travel and hotel costs in the amount of $248.85 for Sandra May, who did not testify at trial, and $125.02 for trial transcript excerpts which defendant obtained without prior court approval, resulting in a total cost award of $11,378.87.

Plaintiff Cynthia Payne moves the Court to exercise its discretion to deny all costs to defendant based on the factors set forth in ***White & White, Inc. v. American Hosp. Supply Corp.,*** 786 F.2d 728 (6th Cir. 1986). Plaintiff claims that defendant unnecessarily prolonged the proceeding by injecting non-meritorious issues; the case was close and difficult; the public and defendant benefitted from the case; the award of costs would have a chilling effect on other litigants; plaintiff acted reasonably and in good faith; and a cost award would be catastrophic for

1

plaintiff.

As an alternative to denying all costs, plaintiff moves the Court to deny costs for the expedited original transcript in the amount of $125.02 and fees for "blow-ups and the like" in the amount of $4,219.18 as beyond the minimum required. Plaintiff also asks the court to limit the travel costs of witnesses Tench, Sanservino and Massaro to $234.00 each pursuant to the Office of the Clerk's "Guidelines for Attorneys - Taxation of Court Costs in the Southern District of Ohio" (10/20/03).

Defendant opposes plaintiff's request with the exception of the amount of $125.02 for the expedited transcript. Defendant asserts that the limited circumstances which could overcome the presumption in favor of awarding costs are not present here. Defendant alleges that the costs sought are taxable under the pertinent statutes and guidelines. Defendant further notes that Tench, Sanservino and Massaro all flew coach from Philadelphia to Cincinnati and are therefore entitled to be paid the actual expense of their travel pursuant to 28 U.S.C. § 1821.

Fed. R. Civ. P. 54(d) states that unless otherwise directed by the Court, a United States statute, or a federal rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Fed. R. Civ. P. 54(d)(1). While a district court retains the discretion to deny costs, the deference given to such decisions is limited in light of the Federal Rules' prescribed course of action. ***White & White, Inc. v. American Hosp. Supply Corp.***, 786 F.2d 728, 731-732 (6th Cir. 1986).

The Sixth Circuit has clarified which factors may appropriately require a denial or reduction of costs to a successful litigant. ***Id.*** at 730. A Court should consider whether "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing

party." *Id*. (alteration in original) (citation omitted). A reduction in costs may be appropriate in close and difficult cases, when taxable expenditures are unreasonably large or unnecessary, or when the prevailing party should be penalized for needlessly prolonging the litigation. *Id*. It is inappropriate to consider the size of a successful litigant's award and the successful litigant's ability to pay its costs. *Id*. (internal citations omitted). While good faith is a relevant consideration if other factors are present, in and of itself it is not a sufficient basis for denying costs. *Id*.

The types of costs which may be assessed against the losing party are enumerated in 28 U.S.C. § 1920. These include the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §§ 1920(1)-(6).

Upon consideration of the pertinent factors, the Court finds that a complete denial of costs is not appropriate in this case. Although plaintiff's Title VII claim survived summary judgment, this was not a close and difficult case. Further, while plaintiff did not act in bad faith, neither did defendant. In addition, the Court has previously rejected plaintiff's argument that defendant prolonged the proceeding by being less than diligent in fulfilling discovery requests. (See doc. 123, p. 4)("Plaintiff has not shown that defendant engaged in misconduct during the course of the lawsuit or abused the discovery process in any way. Nor has plaintiff shown prejudice resulting from defendant's purported misconduct."). Finally, the taxable expenditures do not appear to be

unreasonably large or unnecessary with the exception of two particular items addressed below. Thus, it is inappropriate to require defendant to bear its own costs in this case.

As to plaintiff's particular objections to certain costs, plaintiff has not established that the costs of travel for witnesses who traveled from Philadelphia to Cincinnati to testify at trial are unreasonably large or unnecessary. Defendant is entitled to recover such costs pursuant to 28 U.S.C. § 1821. In addition, § 1920 specifically provides for the taxation of the cost of copies and exemplifications. The Court finds, however, that the costs for defendant's demonstrative exhibits, which account for over 25% of the total costs, are unreasonably large for a case of this nature. The Court will therefore disallow those costs. Finally, defendant has not shown that it is entitled to the travel and hotel costs of $248.85 for Sandra May which the Clerk disallowed, so that those costs will be deducted from the total costs.

In accordance with the foregoing, plaintiff's motion to re-tax costs is **GRANTED**. The Clerk's award of costs is **AFFIRMED** as amended herein. The award of costs shall be reduced by the amounts of $125.02 (the cost of the expedited transcript), $3,156.17 (the cost of the demonstrative exhibits) and $248.85 (travel and hotel costs for Sandra May), resulting in a total cost award of $8,222.70.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\01-111costs.wpd